**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G & G Closed Circuit Events, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Dimitri Mitropoulos, individually and d/b/a Versus Sports Grill; and Versus Sports Grill, LLC, an unknown business entity d/b/a Versus Sports Grill,<br><br>Defendants. | No. CV12-0163-PHX DGC<br><br>**ORDER** |

Plaintiff G & G Closed Circuit Events, LLC has filed a motion to strike affirmative defenses. Doc. 19. The motion has been fully briefed, and neither party has requested oral argument. Doc. 19, 20, 21. For the reasons discussed below, the motion will be granted in part and denied in part.

**I.   Background.**

The dispute in this case arises out of an allegedly illegal public screening of *Strikeforce: "San Jose": Nick Diaz v. Evangelista Santos*. Plaintiff claims to have the exclusive nationwide television distribution rights for the telecast, and that Defendants Dimitri Mitropoulos and Versus Sports Grill ("Defendants") illegally intercepted, received, and exhibited the telecast.

Plaintiff filed a complaint against Defendants on January 24, 2012, alleging violations of 47 U.S.C. §§ 605, 553 and damages for conversion. Doc. 1. Defendants filed an answer on May 21, 2012, denying all of Plaintiff's allegations and listing four

affirmative defenses: (1) failure to state a claim, (2) Plaintiff did not sustain any injuries from Defendants' actions or inactions, (3) Defendants were not the proximate cause of Plaintiff's alleged injuries, and (4) reserving the right to raise additional affirmative defenses at a later time. Doc. 17 at 3. Plaintiff asks the Court to strike the affirmative defenses as legally insufficient.

## II. Legal Standard.

Motions to strike "'should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.'" *Netflix, Inc. v. Blockbuster, Inc.*, 2006 WL 2458717, at *8 (N.D. Cal. 2006) (citation omitted). Motions to strike "are proper when a defense is insufficient as a matter of law." *Torres v. Goddard*, 2008 WL 1817994, *1 (D. Ariz. 2008).

## III. Discussion.

Plaintiff first argues that Defendants' affirmative defenses lack the factual basis and showing of plausibility required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Doc. 19-1 at 3. The Ninth Circuit has not yet decided whether the pleading standards of *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to affirmative defenses. This Court has held that they do not. *See Ameristar Fence Products, Inc. v. Phoenix Fence Co.*, No. CV-10-299-PHX-DGC, 2010 WL 2803907, *1 (D. Ariz. July 15, 2010); *see also McLemore v. Regions Bank*, No. 3:08-cv-0021, 2010 WL 1010092, * 13 (M.D. Tenn Mar. 18, 2010); *First Nat'l Ins. Co. of Am. v. Camps Servs., Ltd.*, No. 08–cv–12805, 2009 WL 22861, *2 (E.D. Mich. Jan. 5, 2009); *Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09–973, 2009 WL 3417469, *1 (W.D. Pa. Oct. 23, 2009); *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09–cv–02870–LTB–BNB, 2010 WL 865380, *2 (D. Colo. Mar. 8, 2010). The Court will leave any extension of *Twombly* to the Supreme Court or the Ninth Circuit.

Plaintiff also argues that the affirmative defenses are insufficient as a matter of law under current Ninth Circuit precedent. An affirmative defense is insufficient if it does not provide the plaintiff with "fair notice" of the defense or if it does not "plead

matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Federal Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987).

### A.   Failure to state a claim.

Defendants' affirmative defense of failure to state a claim will be stricken. "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case." *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1176 (N.D. Cal. 2010) (citing *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1291 (S.D. Fla. 2007); Lemery v. Duroso, No. 4:09CV00167 JCH, 2009 WL 1684692, at *3 (E.D. Mo. Jun. 16, 2009)).

### B.   Plaintiff did not sustain injuries from Defendants' action.

Defendants' affirmative defense that Plaintiff was not injured will also be stricken. Plaintiff bears the burden of proving that it was injured, and a defense that demonstrates that plaintiff has not met its burden of proof is not an affirmative defense. *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

### C.   Defendants were not the proximate cause of Plaintiff's injuries.

Defendants' affirmative defense on proximate causation will not be stricken. Plaintiff argues that this is not a proper affirmative defense because, like the second affirmative defense, it is based on an assertion that Plaintiff cannot meet its burden of proof. *Zivkovic*, 302 F.3d at 1088. Courts have held, however, that a proximate cause defense pleads matters extraneous to the plaintiff's prima facie case by showing that someone other than the named defendant proximately caused the sustained injuries. *Federal Deposit Ins. Corp.*, 655 F.Supp. at 262.

Plaintiff also argues that the defense should be stricken because it does not identify the third party that proximately caused Plaintiff's injuries and therefore does not provide fair notice to Plaintiff. The Court does not agree. Defendants' answer provides a clear statement of the affirmative defense, and details concerning the factual basis for the

1 defense can be obtained through discovery.

**D.   Reservation of right to raise additional affirmative defenses.**

This defense will be stricken. "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. Instead, if at some later date defendants seek to add affirmative defenses, they must comply with Rule 15 of the Federal Rules of Civil Procedure. Defendants cannot avoid the requirements of Rule 15 simply by 'reserving the right to amend or supplement their affirmative defenses.'" *Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *7 (N.D. Cal. May 8, 2009) (citations omitted).

**IT IS ORDERED** that Plaintiff's motion to strike (Doc. 19) is **granted in part** and **denied in part** as set forth above.

Dated this 24th day of July, 2012.

_____
David G. Campbell
United States District Judge